UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE GRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | No. 2: 14-cv-1867 KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
4  § 1915(b)(2).
5       The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19 1227.
20      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR") and Director of Corrections Matthew Cate.  Plaintiff alleges that after he arrived at a new prison, prison officials told him that he was a threat due to his racial group and that he was being placed on lockdown due to a riot.  Plaintiff alleges that he was originally told that the lockdown was for 23 hours, but it ended up being one year.  Plaintiff alleges that inmates of other ethnic groups who were involved in the riot were allowed to receive jobs, participate in recreation activities, etc.  Plaintiff alleges that because he was a new arrival, and did not participate in the riot, he should not have been placed on lockdown.  As relief, plaintiff seeks money damages.

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies ..." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999).  Defendant CDCR is a state agency and the state of California has not consented to a waiver of its immunity.  For these reasons, plaintiff's claims against defendant CDCR are barred by the Eleventh Amendment.

Turning to defendant Cate, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff has not alleged how defendant Cate was responsible for his placement on lockdown, the duration of the lockdown or the conditions of the lockdown.  Because plaintiff has failed to link defendant Cate to the alleged deprivations, the claims against defendant Cate are dismissed with leave to amend.  If plaintiff files an amended complaint, he must name as defendants those individuals responsible for the alleged deprivations and describe their involvement in the allegedly unconstitutional conditions.   Plaintiff must also identify the prison where the lockdown occurred.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

1 | some affirmative link or connection between a defendant's actions and the claimed deprivation.
2 | Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
3 | (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil
4 | rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
5 |     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6 | make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7 | complaint be complete in itself without reference to any prior pleading.  This requirement exists
8 | because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
9 | Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
10 | pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
11 | original complaint, each claim and the involvement of each defendant must be sufficiently
12 | alleged.
13 |     In accordance with the above, IT IS HEREBY ORDERED that:
14 |     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
15 |     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
16 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 | § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
18 | Director of the California Department of Corrections and Rehabilitation filed concurrently
19 | herewith.
20 |     3.  Plaintiff's complaint is dismissed.
21 |     4.  Within thirty days from the date of this order, plaintiff shall complete the attached
22 | Notice of Amendment and submit the following documents to the court:
23 |         a.  The completed Notice of Amendment; and
24 |         b.  An original and one copy of the Amended Complaint.
25 | ////
26 | ////
27 | ////
28 | ////

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 24, 2014

Gr1867.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE GRANT,<br><br>        Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | No.  2:  14-cv-1867 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____      Amended Complaint

DATED:

                                          _____
                                          Plaintiff