UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE GRANT, | No. 2: 14-cv-01867 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On December 7, 2016, the magistrate judge recommended that defendants' summary judgment motion be granted. (ECF No. 77.) On January 25, 2017, the undersigned adopted the findings and recommendations and judgment was entered. (ECF Nos. 80, 81.)

On February 17, 2017, plaintiff filed a motion for reconsideration of the January 25, 2017 order adopting the findings and recommendations. (ECF No. 83.) The undersigned construes the motion for reconsideration as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reason stated herein, plaintiff's motion is denied.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been

1

satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In the pending motion, plaintiff challenges the finding that he failed to exhaust his administrative remedies as to defendants Jason, Brown and Huber.  Plaintiff appears to argue that the magistrate judge erred in finding that he failed to exhaust his administrative remedies as to these defendants because plaintiff failed to name them in his administrative grievances.

In the amended complaint, plaintiff alleged that on January 25, 2012, defendants Jason, Brown and Huber denied his request to be transferred back to California following a classification hearing.  (ECF No. 17 at 4.)  The magistrate judge did not find that plaintiff failed to exhaust his administrative remedies as to defendants Jason, Brown and Huber because he failed to name them in his administrative grievances.  Instead, the magistrate judge found that plaintiff failed to exhaust his administrative remedies as to these defendants because plaintiff's administrative grievances did not challenge defendants' decision to deny his request for a transfer back to California or mention the at-issue classification hearing. (ECF No. 77 at 10.)  The magistrate judge stated that, "[t]his is most likely because the at-issue classification committee hearing occurred after plaintiff filed his first level grievance."  (Id.)  "For these reasons, plaintiff's grievances did not put defendants on notice that he challenged their decision to deny his request for a transfer."  (Id.)

For the reasons discussed above, the undersigned finds that plaintiff has not shown good cause to grant his motion for relief from judgment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 83), construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), is denied.

IT IS SO ORDERED.

Dated: March 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE